FILED
2017 FEB 14 PM 4: 22
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2017 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KEVIN MARTINEZ,<br><br>    Defendant. | CR No. 17-**CR17-0080**<br><br>**I N D I C T M E N T**<br><br>[21 U.S.C. § 846: Conspiracy to Possess With Intent to Distribute Controlled Substances; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(i): Possession With Intent to Distribute a Controlled Substance; 21 U.S.C. § 856(a)(1): Maintaining a Premises for the Purpose of Drug Trafficking; 18 U.S.C. § 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 982(a)(1)(A): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A.   OBJECTS OF THE CONSPIRACY

Beginning on an unknown date, and continuing until on or about December 31, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant KEVIN MARTINEZ ("MARTINEZ")

and an unindicted co-conspirator, also known as "La Tia" ("La Tia"), and others known and unknown to the Grand Jury, conspired and agreed with one another to:

(1) Knowingly and intentionally possess with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii);

(2) Knowingly and intentionally possess with intent to distribute at least 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(i); and

(3) Knowingly and intentionally use and maintain a place for the possession and distribution of controlled substances, in violation of Title 21, United States Code, Section 856(a)(1).

B. MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1. Defendant MARTINEZ would maintain places within the Central District of California where drugs would be stored and packaged for distribution ("stash houses"), on behalf of co-conspirator "La Tia."

2. Defendant MARTINEZ would receive shipments of methamphetamine, heroin, and other controlled substances at those stash houses in the Central District of California from Mexico-based individuals.

3. Defendant MARTINEZ would employ others, known and unknown to the Grand Jury, to maintain the stash locations and process, package, and distribute the controlled substances, and to protect those stash houses with firearms.

4. Defendant MARTINEZ would direct unindicted co-conspirators to distribute the controlled substances to other drug traffickers for further distribution.

## C. OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, on or about the following dates, defendant MARTINEZ, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

1. On October 7, 2015, in a recorded telephone call, defendant MARTINEZ agreed with an individual he believed to be a drug trafficker but who was, in fact, a law enforcement confidential informant ("CI") to meet at a restaurant in Whittier, California, to discuss the distribution of 40 pounds of methamphetamine.

2. On October 9, 2015, during a recorded meeting, defendant MARTINEZ informed the CI that defendant MARTINEZ was a member of the "18th Street Gangsters," that he worked for co-conspirator "La Tia," and that he ran multiple stash houses in Los Angeles on her behalf.

3. On November 19, 2015, defendant MARTINEZ and an unindicted co-conspirator ("UCC-1") met at a stash house operated by defendant MARTINEZ at 8910 Orchard Avenue, Los Angeles, California.

4. On December 1, 2015, defendant MARTINEZ and UCC-1 again met at defendant MARTINEZ's stash house.

5.  On December 1, 2015, defendant MARTINEZ and UCC-1 met at MARTINEZ's residence, 2520 Alsace Avenue, Los Angeles, California.

6.  On December 4, 2015, after leaving defendant MARTINEZ's stash house, a second unindicted co-conspirator possessed approximately 2,424 grams of methamphetamine in a false compartment in the vehicle he was driving.

7.  On December 4, 2015, UCC-1 left defendant MARTINEZ's stash house, carrying a bag containing approximately 1,298 grams of methamphetamine that he then placed in his vehicle.

8.  On December 4, 2015, defendant MARTINEZ and UCC-1 possessed approximately 31.36 kilograms of methamphetamine, approximately 941 grams of heroin, a .45 caliber handgun and ammunition, a bullet proof vest, scales, heat-sealing machines, and other packaging and distribution paraphernalia.

## COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about December 4, 2015, in Los Angeles County, within the Central District of California, defendant KEVIN MARTINEZ and an unindicted co-conspirator knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 31.36 kilograms, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i)]

On or about December 4, 2015, in Los Angeles County, within the Central District of California, defendant KEVIN MARTINEZ knowingly and intentionally possessed with intent to distribute at least 100 grams, that is, approximately 941 grams, of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. § 856(a)(1)]

Beginning on an unknown date and continuing through December 4, 2015, in Los Angeles County, within the Central District of California, defendant KEVIN MARTINEZ knowingly used and maintained a place, namely, the garage at 8910 Orchard Avenue, Los Angeles, California, for the purpose of distributing controlled substances, that is, methamphetamine, a Schedule II controlled substance, and heroin, a Schedule I narcotic drug controlled substance.

## COUNT FIVE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about December 4, 2015, in Los Angeles County, within the Central District of California, defendant KEVIN MARTINEZ knowingly possessed a firearm, namely, a .45 caliber Norinco handgun, model 1911A1, bearing serial number 302298, in furtherance of a drug trafficking crime, namely, conspiracy to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count One of this Indictment.

## FORFEITURE ALLEGATION

[18 U.S.C. § 982(a)(1)(A)]

1. The allegations contained in Counts One, Two, Three, and Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1)(A).

2. Count One of this Indictment alleges that defendant KEVIN MARTINEZ ("MARTINEZ") engaged in a conspiracy to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(A), and (b)(1)(B). Counts Two and Three of this Indictment allege that defendant MARTINEZ possessed with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). Count Four of this Indictment alleges that defendant MARTINEZ maintained a place for the purpose of distributing controlled substances, in violation of Title 21, United States Code, Section 856. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to defendant MARTINEZ that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 982, in the event of defendant's conviction under Counts One through Four of this Indictment. Upon such conviction, the defendant shall forfeit to the United States any right, title, and interest in any property, real or personal, involved in such offense, or any property traceable to such property, including, but not limited to, the following:

   a. $48,000 in United States currency seized during the execution of a search warrant at 8910 Orchard Avenue, Los Angeles, California on December 4, 2015;

   b. The sum of money equal to the total amount of property involved in, or traceable to property involved in, the charged violations; and

   c. All assets, including, without limitation, vehicles, bank accounts, and real property of defendant MARTINEZ involved in such violations.

 3. By virtue of the commission of the felony offenses charged in Counts One through Four of this Indictment, any and all interest that defendant has in the property involved in, or traceable to property involved in, the offense is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 982(a)(1).

 4. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code,

Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

/S/
Foreperson

EILEEN M. DECKER
United States Attorney



LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

KEVIN M. LALLY
Assistant United States Attorney
Chief, Organized Crime Drug
Enforcement Task Force Section

JULIE J. SHEMITZ
Assistant United States Attorney
Organized Crime Drug Enforcement
Task Force Section